ELIZABETH K. SANDFORD and ARTHUR F. DU CRETE, as Executors, etc., of WILLIAM P. SANDFORD, Deceased, Plaintiffs, *v.* BRONX BORO BUILDERS, INC., Defendant.

First Department, December 1, 1916.

**Will — power of sale — failure of executors to give bond as required by will — real property — contract to purchase lands from executors — specific performance.**

Where a will empowering the executors to sell real estate, but not creating any trust, directed that the executors "shall be required to furnish or give bonds * * * for the faithful performance of their duties," but the surrogate, on probate, issued letters testamentary to the executors without requiring them to give bonds, their failure to do so did not impair their authority to enter into a contract for the sale of the decedent's real estate, and, hence, the vendee will be required to complete his contract to purchase.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Howard A. Sperry*, for the plaintiffs.

*J. J. Kramer*, for the defendant.

DOWLING, J.:

Plaintiffs are the executors under the will of William P. Sandford, whereby they were given "full power and authority to sell at private or public sale, all or any real estate" of which the testator might die seized or possessed. The will further provided: "It being my directions that my executors shall be required to furnish or give bonds of Twenty-five thousand ($25,000) Dollars each for the faithful performance of their duties under this my will." The paragraph containing these provisions is the only one set forth in the agreed statement of facts. On May 27, 1914, the surrogate of Kings county (whereof decedent was a resident) duly admitted said will to probate, and on May 28, 1914, he issued to the executors therein named letters testamentary upon the estate, but they have not furnished or given the bond referred to in the will. It is not claimed that the surrogate has called upon, or required them so to do, nor made the issuance of letters conditional upon the ground of such bonds. The amount of decedent's estate does not appear. The executors, after the issuance of the letters to them, entered into an agreement in writing with the defendant for the sale of certain lots owned by decedent, located in Bronx county. Defendant contends that the executors, having failed to furnish any official bonds, have no authority to act under the terms and provisions of the will. We deem this contention without merit. Decedent's will was duly admitted to probate. While he gave directions that his executors should furnish bonds, he did not make their qualification, nor the issuance of letters to them, conditional on their complying with the direction. He appointed no one else to act in their place if they failed to comply. He gave no reason for his request, which may well have been due to extra precaution, rather than to any mistrust of those whom he selected to manage his estate. In any event, the direction to give bonds did not disqualify his executors from acting as such if they failed to give the bonds, and had no further effect than to justify the surrogate, if he deemed it

wise, to withhold the issuance of letters testamentary until the bonds were furnished. (*Matter of Sullivan,* 1 Tuck. 94.) But, as was pointed out in that case, there was no statutory provision for the giving of a bond under such circumstances, and, therefore, it was directed to be given, " conditioned to the legatees, by name, in the penalty designated by the will, for the payment of all legacies and bequests, and for the due administration of the estate." It is not sought to bring the executors within the provisions of sections 2567 or 2569 of the Code of Civil Procedure. It does not appear that any trust is attempted to be created by the will. Under these conditions, the provision for the giving of a bond not being a condition for the issuance of letters testamentary, and the surrogate having jurisdiction and having issued such letters without requiring the giving of the bond, his action is final and conclusive and the authority of the executors cannot be questioned by the defendant herein. It follows that they had power to sell the premises in question, and plaintiffs are entitled to judgment directing the completion of the contract of purchase by the defendant. Under the terms of the submission the judgment will be granted, without costs or disbursements.

CLARKE, P. J., LAUGHLIN, SCOTT and PAGE, JJ., concurred.

Judgment ordered for plaintiff, without costs. Order to be settled on notice.